UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL CASUALTY COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 4:08-2759 |
| | § | |
| GILBERT PLUMBING COMPANY, INC., | § | |
| GILBERT PLUMBING COMPANY, L.P., | § | |
| AND MID RISE BUILDERS, L.L.C. | § | |
| | § | |
| *Defendant, Third Party Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| BRUSH COUNTRY CLAIMS, LTD. | § | |
| | § | |
| *Third Party Defendant.* | § | |

## ORDER

Pending before the court is third party defendant Brush Country Claims, Ltd.'s ("Brush") 12(b)(6) motion to dismiss the claims of third party plaintiffs Gilbert Plumbing Company, Inc., and Gilbert Plumbing Company, L.P. (collectively, "Gilbert") for deceptive insurance practices and negligence. Dkt. 16. Upon consideration of the motion, response, reply, and the applicable law, Brush's 12(b)(6) motion is DENIED IN PART and GRANTED IN PART.

### I. BACKGROUND

**A. Facts**

Gilbert contracted with Mid Rise Builders, L.L.C. ("Mid Rise") to provide plumbing to Mid Rise's apartment complex, Bayou on the Bend. Dkt. 8. Problems with the plumbing damaged Bayou on the Bend, leading Mid Rise to file a claim for monetary damages of $390,000 against Gilbert. *Id.* Gilbert contacted its insurance company, Universal Casualty Company ("Universal"),

to adjust the claim. *Id*. Universal in turn contracted with Brush to provide an adjuster's damage report. *Id*. Gilbert alleges that Brush's adjuster's Statement of Loss of $116,000 underestimated the damages, primarily as a result of the adjuster's inexperience with large apartment buildings like Bayou on the Bend. *Id*. Gilbert claims that because of the adjuster's low Statement of Loss, Universal refused to settle the claim with Mid Rise. *Id*. As a result, Gilbert had to defend itself in arbitration against Mid Rise. *Id*. Gilbert brings suit against Brush asking for the actual claim value and losses resulting from being unable to settle with Mid Rise, including attorney's fees and other damages. *Id.*

### B. Procedural Posture

Plaintiff Universal filed a declaratory judgment action against Gilbert seeking judgment on the amount of costs—if any—it owes Gilbert as a result of the Gilbert-Mid Rise arbitration. Dkt. 1. Gilbert answered Universal's complaint, counterclaimed against Universal, and filed a third party claim against Brush. Dkt. 8. Specifically, Gilbert alleged Brush committed deceptive insurance practices as both an agent of Universal and as an independent adjuster. *Id*. Gilbert also claimed Brush is vicariously liable for the adjuster's alleged negligence in preparing the damage report. *Id*. Brush responded with its 12(b)(6) motion and Gilbert has filed a response to that motion. Dkts. 16, 18.

## II. ANALYSIS

Brush moves the court to dismiss all claims against it under 12(b)(6) because Gilbert has failed to state a claim upon which relief can be granted. Dkt. 16.

### A. Standard of Review

To succeed on a 12(b)(6) motion, the movant must show the respondent has not made a plausible claim for which relief can be granted. FED. R. CIV. P. 12(b)(6); *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).  While the standard does require plausibility, "a well pleaded claim may proceed even if . . . actual proof of [the pleaded] facts is improbable." *Twombly*, 550 U.S. at 556.  For the purposes of a 12(b)(6) review, all of the claimant's factual allegation are assumed to be true.  *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633, 119 S. Ct. 1661 (1999).

**B.  Deceptive Insurance Practices**

Gilbert pled Brush and Universal violated sections §§ 541.060 and 541.151(2) of the Texas Insurance Code by engaging in deceptive insurance practices.  Dkt. 8.  Gilbert claims Universal is liable for Brush's erroneous adjustment through vicarious liability and claims Brush is separately liable for the adjustment.  *Id.*  Universal's vicarious liability for Brush's allegedly erroneous adjustment is not at issue in this motion.  Dkt. 16.

As a threshold issue, it must be determined whether the provisions of the code apply to independent insurance adjusters like Brush.  The code applies to a "person."  TEX. INS. CODE § 541.002.  Section 541.002, defines a "person" as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor."  *Id.*(emphasis added).  The parties do not contest that an independent adjuster can be liable under this code.  Dkts. 8, 16.  Therefore, §§ 541.060 and 541.151(2) apply to Brush.

*1. Texas Insurance Code § 541.060*

Section 541.060(a) specifies nine separate claims that may be brought by a plaintiff alleging deceptive insurance claims.  TEX. INS. CODE § 541.060(a).  It reads in full:

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

    (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

        (A) a claim with respect to which the insurer's liability has become reasonably clear; or

        (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

    (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to:

        (A) affirm or deny coverage of a claim to a policyholder; or

        (B) submit a reservation of rights to a policyholder;

    (5) refusing, failing or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

    (6) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim;

    (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    (8) with respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim; or

    (9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person unless:

        (A) a court orders the claimant to produce those tax returns;

        (B) the claim involves a fire loss; or

        (C) the claim involves lost profits or income

*Id.* Unfortunately, Gilbert did not specify which cause(s) of action it is alleging in the instant case. *See* Dkt. 8. Due to the lack of specificity, the court is unable to ascertain whether a plausible claim has been made by Gilbert, and whether Gilbert would be entitled to relief. *See* FED. R. CIV. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Consequently, the court will construe the motion to dismiss under Rule 12(b)(6) as a motion for more definite statement under Rule 12(e). And, the court finds that Gilbert's claim under § 541.060 is not sufficiently specific for Brush to formulate an answer. Therefore, it is ORDERED that Gilbert replead its § 541.060 claim with sufficient detail to satisfy Rule 8 within 10 days of the date of this order.

   *2. Texas Insurance Code § 541.151(2)*

Gilbert also pled claims under § 541.151(2) of the Texas Insurance Code. Dkt. 8. This section permits actions for damages sustained as a result of deceptive trade practices and specifically references the Texas Business and Commerce Code § 17.46(b), commonly known as the Texas Deceptive Trade Practices Act ("DTPA"). TEX. INS. CODE § 541.151(2). Gilbert alleges that it relied to its detriment on Brush's erroneous Statement of Loss. Dkt. 18. To state a claim under the DTPA, Gilbert must show that the parties were in privity of contract, or that Gilbert relied to detriment on the respondent's deceptive actions.[1] TEX. INS. CODE § 541.151(2), *Warfield v. Fidelity and Deposit Co.,* 909 F.2d 322, 327 (5th Cir, 1990).

Gilbert does not argue that it is in privity with Brush. Dkt. 18. Rather, Gilbert argues that it relied to its detriment on Brush's Statement of Loss while working with Universal and Mid Rise and did not discover the extent of the loss until it deposed the adjuster who wrote the Statement.

---

[1] The court cites cases construing Texas Insurance Code art. 21.21. *See Warfield v. Fidelity and Deposit Co.,* 909 F.2d 322, 326-27 (5th Cir, 1990). That section was later recodified as Texas Insurance Code § 541.151, but substantively remains the same. *Farmers Group, Inc. v. Lubin,* 222 S.W.3d 417, 422 n.11 (Tex. 2007).

*Id.* Brush counters that Gilbert did not rely on the Statement of Loss because Gilbert protested it throughout the time of the arbitration and other events leading to this action. *Id.* Furthermore, Brush argues that it has not performed an unlawful act, so it can not be held liable. Dkt. 16. This argument misstates the law; DTPA claims are not limited to illegal acts. *See, e.g., Pope v. Rollins Protective Svcs. Co.,* 703 F.2d 197, 202 (5th Cir., 1983) (stating a primary reason for enacting the DTPA legislation was to allow consumers a remedy without showing common law fraud or breach of warranty).

Brush has not met its burden to show that there is no plausible claim that Gilbert could make. *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556. Assuming, as the court must for this 12(b)(6) motion, that all facts in the complaint are true, Gilbert potentially has a claim against Brush under the DTPA if it can show the requisite reliance. If Brush's agent did provide an erroneous report, it may be a deceptive, false or misleading document. Therefore, Brush's 12(b)(6) motion to dismiss is DENIED as to Gilbert's § 541.151(2) claim.

**B. Negligence Claim**

Gilbert also brings a negligence claim against Brush. It argues that Brush breached a common law duty of care and/or a statutory duty of care when it issued the allegedly erroneous Statement of Loss. The court examines each duty in turn.

*1. Common Law Negligence*

Gilbert bases its claim of common law negligence on two cases. The first deals with a personal injury case in which a contractor in control of a premises was held liable for failure to warn another contractor of dangers on the site. *EDCO Production, Inc. v. Hernandez,* 794 S.W.2d 69, 71-73, 77 (Tex. App.–San Antonio 1990, pet. denied). EDCO was found to have a duty to Hernandez because it had knowledge of the dangerous condition but informed Hernandez it was safe. *Id.* at 72-

75. The second attributed liability to a co-defendant, Ecotech, who negligently loaded a truck; when the load later fell and injured a family. *C&H Nationwide v. Thompson,* 810 S.W.2d 259, 264-65 (Tex. App.–Houston [1st Dist.] 1991), *rev'd in part on other grounds,* 903 S.W.2d 315 (Tex. 1994). Ecotech was found liable for the family's injuries because it was foreseeable that similar injuries could occur as a result of Ecotech's failure to exercise reasonable care in loading and inspecting the truck. *Id.* at 267. Gilbert claims these cases stand for the proposition that all services are subject to a duty of care. Dkt. 18. However, *EDCO* and *C&H Nationwide* are inapposite. Unlike the instant case, in those cases the duty was created because a party failed to take actions to prevent foreseeable physical injury to others. *See EDCO,* 794 S.W.2d at 72-75, *C&H Nationwide*, 810 S.W.2d at 267. Furthermore, neither of those cases deal with an insurance adjuster's responsibilities. *See EDCO,* 794 S.W.2d at 71, *C&H Nationwide*, 810 S.W.2d at 264-65.

Brush cites several cases in its 12(b)(6) motion, to support its contention that Texas does not recognize a negligent claims handling action. Dkt. 16. Two of these cases, however, dealt with contractual liability, and therefore are not relevant to the Gilbert-Brush dispute. *See Higgenbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456 (5th Cir. 1997) (denying tort claims in insurance cases that do not arise out of contractual obligations); *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160 (5th Cir. 1994) (upholding a trial court's dismissal of non-contractual claims regarding denial of an insurance claim). As stated above, Gilbert and Brush were not in privity of contract. Dkt. 8.

Brush also argues that an independent insurance adjuster does not owe a duty of good faith and fair dealings to the insured because they are not in privity of contract. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 700 (Tex. 1994). Dkt. 16. Although the Texas Supreme Court has not addressed the issue of whether an independent adjuster could be held liable for negligence separate from good

7

faith and fair dealings, the Fifth Circuit has spoken to this issue. *See Bui v. St. Paul Mercury Insurance Co.,* 981 F.2d 209 (5th. Cir. 1994) (stating there is no negligent insurance adjusting claim in Texas). In *Bui,* a boat owner claimed the independent insurance adjuster who adjusted his claim for boat damage acted negligently in preparing the claim. *Id.* at 210. The district court dismissed the claims of negligence against the adjuster. *Id.* The Fifth Circuit upheld the district court's dismissal, stating under the facts of the case, the adjuster "owed no duty to the Buis under Texas law." *Id. See also Faaitiiti v. State Farm Lloyds Ins. Co.,* No. 3:00CV-2181-G, 2001 U.S. Dist. LEXIS 10343, at *6 (N.D. Tex. July 19, 2001) (dismissing an action against an adjuster because under Texas law there is no action for negligent claims handling). Therefore, since, the independent adjuster owes no duty to the claimant, Brush cannot be held liable for common law negligence. *Bui*, 981 F.2d at 210; *see Mission Petroleum Carriers, Inc. v. Solomon,* 106 S.W.3d 705, 710 (Tex. 2003) (listing the elements of negligence, including duty).

*2. Statutory Liability for Negligence*

Gilbert also argues that it may have a claim under Chapter 28 of the Texas Administrative Code §19.713. Dkt. 18. Section 19.713 discusses the professional and ethical requirements for insurance adjusters. 28 TEX. ADMIN. CODE §19.713 (2008) (Tex. Dept. Ins.). Gilbert has provided no statutory authority or case law which demonstrates that § 19.713 creates a private right of action. Dkt. 18. Brush responds that there is no cause of action for negligent claims handling against an independent insurance adjuster. Dkt. 16.

The court has reviewed the insurance section of the administrative code and has found no provision for private claims. 28 Tex. Admin. Code § 19 (2008) (Tex. Dept. Ins.). The only remedy contemplated in the Code is for the Commissioner of Insurance to conduct a disciplinary hearing. *Id.* at § 19.1. The court has also searched for case law allowing a private action under the section

of the code Gilbert claims could provide the basis for negligence liability, but did not find any cases to support that claim. Consequently, in the absence of law to the contrary, Gilbert cannot state a claim under this section. Accordingly, Brush's 12(b)(6) motion for dismissal of Gilbert's negligence claims is GRANTED on Gilbert's negligence claims—based both statutory and common law duties.

### III. CONCLUSION

Pending before the court is Brush's motion to dismiss under Rule 12(b)(6). Dkt. 16. Upon consideration of the motion, responses, exhibits, and attachments, the motion is GRANTED IN PART and DENIED IN PART. Brush's motion to dismiss is converted to a Rule 12(e) motion for more definite statement and is GRANTED AS CONVERTED. Gilbert must replead its claim under § 541.060 with sufficient detail within 10 days of the date of this order. Brush's motion to dismiss is GRANTED on Gilbert's negligence claims—based both on common law and statutory. These claims are DISMISSED WITH PREJUDICE. Brush's motion is DENIED on Gilbert's claim under § 541.151(2) of the Texas Insurance Code.

It is so ORDERED.

Signed at Houston, Texas on April 29, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY